**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                   Criminal No. 10-cr-163-01-PB

Ramie Marston

**O R D E R**

On May 4, 2011, the defendant appeared for a bail revocation hearing pursuant to 18 U.S.C. § 3148.  The background is as follows: Defendant is charged with five counts of Bankruptcy Fraud, in violation of 18 U.S.C. § 152(2), in a superseding indictment dated April 27, 2011 (doc. no. 15).  On November 8, 2010, defendant was released on bail following her initial appearance in this court on the original indictment (three counts of Bankruptcy Fraud).

The government alleges that since defendant's release on bail in November, she has engaged in conduct constituting at least three new federal fraud crimes (wire fraud; aggravated identity theft; and conspiracy to commit access device fraud),[1]

---

[1] These same allegations were brought forward against defendant in 09-cr-95-01-SM, in the form of a supervised release petition.  The matters were consolidated for the preliminary hearing.  At the same time that the court ruled from the bench on the instant bail revocation, the court found probable cause and detained the defendant on the supervised release violation in 09-cr-95-01-SM.  A written order in 09-cr-95-01-SM is issued separately on today's date.

and that she has thereby violated Standard Condition 1 of the court's bail order dated November 8, 2011.  Additionally, the government alleges that defendant violated the following special conditions:

- 10(f) (prohibiting her from opening new lines of credit and incurring new credit card charges).

- 9(n) (prohibiting consumption of alcohol).

- 10(a)(ii) (prohibiting use of computer or internet capable device).

A request to revoke bail is governed by 18 U.S.C. § 3148, which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
> > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> > (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
> > (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

>      (B) the person is unlikely to abide by any
>      condition or combination of conditions of
>      release.

18 U.S.C. § 3148 (b)(1)-(2). The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1). If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2). Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of section 3148 (b)(2)(A) or (B). Aron, 904 F.2d at 224; United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

On May 4, 2011, a hearing on the bail violation occurred. The government called four witnesses: U.S. Probation Officer Kristin M. Cook; Scott McCarthy; Sharon McCarthy; and Justin Nadeau, Esquire. For all the reasons stated on the record following the hearing and based upon the evidence presented, the court finds that the government established probable cause to believe the defendant had committed a federal, state or local crime and that a rebuttable presumption therefore arises that there is no condition or combination of conditions that will assure that defendant will not pose a danger to the community.

The court further finds that the government established clear and convincing evidence that defendant violated other conditions of her release as charged in the bail violation.  Thus, under either prong of 18 U.S.C. § 3148(b)(1), the court finds the government met its burden.

For all of the reasons stated on the record, and based on the evidence presented at the hearing, the court finds that there are no conditions or combination of conditions of release that will assure that defendant will not flee or pose a danger to the community.  The court further finds that defendant is unlikely to abide by any condition or combination of conditions of release.  Thus, under either prong of 18 U.S.C. § 3148(a)(2), the court finds that detention is warranted.  The conditions of release are revoked.

Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 5, 2011

cc: Bjorn Lange, Esq.
 Alfred J.T. Rubega, Eesq.
 U.S. Marshal
 U.S. Probation